IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOBLE L. JOHNSON,

        Petitioner,

    v.                           CASE NO. 10-3126-SAC

KANSAS PAROLE BOARD, et al.,

        Respondents.

**O R D E R**

This petition for writ of habeas corpus was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Petitioner describes his petition as contesting the denial of his application for parole. He has paid the filing fee of $5.00. Nevertheless, he moves for leave to proceed in forma pauperis and for appointment of counsel.

**FACTUAL BACKGROUND AND CLAIMS**

As factual background, the court quotes the opinion of the Kansas Court of Appeals (KCA) on Johnson's appeal of the state district court's denial of a petition filed pursuant to K.S.A. 60-1501 raising the same claims as herein:

> Johnson is currently serving two consecutive 15 years to life sentences for two 1976 extremely violent first-degree murder convictions.
>
> He has seen the KPB numerous times since 1990 with parole being denied and his being passed for terms of 1 year to 3 years.
>
> Johnson had his last meeting with the KPB in February 2007 with the following notice being issued to Johnson on February 17, 2007, denying parole:
>
> "After considering all statutory factors, the decision of

> the [KPB] is: Pass to March 2017. Pass Reasons: serious nature/circumstances of crime; violent nature of crime; objections to parole. Extended Pass Reasons: Inmate has been sentenced for a class A or B felony or an off grid felony and the board makes a special finding that a subsequent parole hearing should be deferred for ten (10) years, because it is not reasonable to expect that parole would be granted at a hearing if held before then, for the reasons indicated below: inmate needs continued structure and community resources cannot provide sufficient support to meet these needs and to provide for public safety." Johnson exhausted his administrative remedies and filed the within K.S.A. 60-1501 case challenging the denial of probation and passing him until 2017. He claimed the KPB ruling was arbitrary and capricious and violated applicable statutes and the Ex Post Facto Clause of the United States Constitution.
>
> After an answer by the KPB and Johnson's response, the district court on September 19, 2007, entered a memorandum decision dismissing the writ, finding the KPB gave good and valid reasons to deny parole and defer Johnson's next parole hearing until 2017, and decided the ex post facto argument was without merit. Johnson appealed.
>
> First, Johnson argues the KPB's decision to pass him was arbitrary and capricious because one of the reasons lacked specificity. The three reasons given for the pass were serious nature/circumstances of crime, violent nature of crime, and objections to parole. Johnson argues the first two reasons were elements of the crime, but the third reason lacked any specificity to allow him a meaningful rebuttal.
>
> A habeas corpus action is the appropriate procedure to challenge a decision of the KPB. Parole is a privilege. It is a matter of grace exercised by the KPB. See Johnson v. Stucker, 203 Kan. 253, 257, 453 P.2d 35, cert. denied 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180 (1969) ("Parole from confinement in a penal institution prior to serving all of an imposed sentence is a privilege, a matter of grace, and no constitutional right is involved."). Our review of the denial of parole is limited to whether the KPB complied with applicable statutes and whether its action was arbitrary and capricious. Torrence v. Kansas Parole Board, 21 Kan.App.2d 457, 458, 904 P.2d 581 (1995).

Johnson v. K.P.B., 191 P.3d 1136, at *1, 2008 WL 4239117 (Kan.App. Sept. 12, 2008)(App.Case No. 99,552).

Petitioner claims before this court that the KPB denied him due process by acting without substantial competent evidence and in an

2

arbitrary and capricious manner. The main basis for this claim is that the KPB relied upon objections to his parole without specifying who made the objections and their reasons so as to allow petitioner to offer any meaningful rebuttal. He also challenges the KPB's public safety concerns on the basis that he has been allowed to drive to and work at a private industry job outside the prison. He further discounts the KPB's statement that community release centers are not available for long incarcerated offenders. In addition, he alleges that his behavior has been positive, and nothing changed since the prior parole hearing to warrant "such a negative finding by the KPB."

Petitioner also claims that K.S.A. 22-3717 "as amended violates the ex post facto clause." He makes conclusory allegations that "significant changes" in KPB policies and criteria for parole have made it "more difficult to satisfy the criteria for parole" than those in effect when his crime was committed in 1975. His specific objection is to the ten-year pass provision, which he claims has taken away his ability to demonstrate to the KPB his pattern of improvement while incarcerated.

The court is asked to grant petitioner parole or a new parole hearing to be conducted under parole provisions in effect in 1975. He also asks the court to find that his due process rights were violated and that application of the amended K.S.A. 21-3717 to him was an ex post facto violation.

## **DISCUSSION**

The court finds that this Petition is subject to being dismissed for several reasons. First, it appears that Mr. Johnson

3

failed to fully exhaust state court remedies prior to bringing this habeas action in federal court.  See Montez v. McKinna, 208 F.3d 862, (10th Cir. 2000); 28 U.S.C. § 2254.[1]  The general exhaustion rule is that a habeas petitioner must present his claims in the courts of the state and ultimately to the highest state court with authority to decide the issue before filing an action in federal court.  There is no indication in the file or in the Kansas Appellate Court docket available on-line for Appellate Case No. 99,552 that petitioner appealed the decision of the KCA to the Kansas Supreme Court.[2]  It thus appears that he did not fully exhaust all available state court remedies on his claims.

If petitioner still has a remedy available in state court, then he must exhaust that remedy before seeking relief in federal court. If, as appears more likely, he can no longer appeal to the Kansas Supreme Court, then he has procedurally defaulted his claims.  Mr. Johnson has not shown cause and prejudice for his procedural default of the Kansas Supreme Court remedy.  Since there is no entitlement to counsel in a state habeas proceeding, ineffective assistance of

---

[1]  Section 2254 (b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

[2]  Petitioner filed a motion in the state appellate court that was treated as one for "Rehearing or Modification," in which he alleged his counsel did not notify him of the KCA opinion denying relief and sought "reconsideration" "due to ineffective assistance of counsel."  This motion was denied on March 8, 2010.

counsel in such proceedings cannot serve as "cause." Nor has Mr. Johnson alleged facts establishing the miscarriage of justice exception, with its requisite showing of factual innocence. It thus appears that petitioner has procedurally defaulted his claims, and is barred from bringing them in federal court.

28 U.S.C. § 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Decisions regarding applications for release on parole of state prisoners and state statutes governing the frequency of parole hearings are matters of state law. Petitioner's challenges to the actions of the KPB in his particular case, that is their decision to pass and defer for 10 years and their application of the amended state statute on deferral of parole hearings, simply do not involve a federal constitutional claim. Thus, it appears that petitioner's allegations fail to state a claim under Section 2241.

Furthermore, petitioner's specific claim that applying the current version of K.S.A. § 21-3717 to him is an ex post facto violation is not supported by sufficient facts or legal authority. This claim was determined against Mr. Johnson in state court. In rejecting this claim, the state court relied upon Knapp v. Nelson, 30 Kan.App.2d 905, 906-07 50 P.3d 1063 (Kan. App. 2002), review denied (Kan. Nov. 5, 2002) in which the KCA reasoned as follows:

> Prior to 1995, the relevant part of K.S.A. 22-3717(k)(now [j]) stated: "If parole is denied for an inmate sentenced for a class A or class B felony, the board shall hold another parole hearing for the inmate not later than three years after the denial and shall conduct an annual file review for such inmate.

5

> Following the 1996 legislative changes, the relevant part of K.S.A.2001 Supp. 22-3717(j) now reads:
>
> If parole is denied for an inmate sentenced for a class A or class B felony or an off-grid felony, the board shall hold another parole hearing for the inmate not later than three years after the denial unless the parole board finds that it is not reasonable to expect that parole would be granted at a hearing if held in the next 10 years or during the interim period of a deferral. In such case, the parole board may defer subsequent parole hearings for up to 10 years but any such deferral shall require the board to state the basis for its findings.
>
> As a general rule of statutory construction, a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. However, there is an exception to the general rule. If the statutory change does not prejudicially affect the substantive rights of the parties and is merely procedural or remedial in nature, it applies retroactively. State v. Martin, 270 Kan. 603, 608-09, 17 P.3d 344 (2001).
>
> Knapp's argument that the statute violates the Ex Post Facto Clause is without merit. We have previously determined that K.S.A.2001 Supp. 22-3717(j) is procedural and not subject to the prohibitions of the Ex Post Facto Clause. Branson v. McKune, 27 Kan.App.2d 301, 302, 3 P.3d 572 (2000); Bookless v. McKune, 22 Kan.App.2d 829, 926 P.2d 661, rev. denied 260 Kan. 991 (1996); Lamb v. Kansas Parole Board, 15 Kan.App.2d 606, 812 P.2d 761 (1991).
>
> Since the changes to the statute were procedural, K.S.A.2001 Supp 22-3717(j) applies retroactively and Knapp is not entitled to a parole review every 3 years. The decision of the KPB to defer parole for 5 years was not arbitrary or capricious.

Id. The findings and rulings of the KCA on this issue in petitioner's case are not shown to be contrary to any federal or constitutional law. Instead, the KCA's ruling is in accord with Tenth Circuit precedent. See e.g. Berry v. Scafe, 16 Fed.Appx. 948, 950-51, 2001 WL 909120 (10th Cir. 2001)(Change in Kansas statute governing frequency of parole consideration did not violate Ex Post Facto Clause; and "[s]peculation and conjecture that the punishment will be increased by a change lengthening parole hearing interval

are insufficient to invoke the Ex Post Facto Clause.")(citing Morales, 514 U.S. at 509-10). Petitioner has not alleged facts indicating the amended Kansas parole statute produced a sufficient risk of increasing the punishment imposed for his crime. See California Dep't of Corrections v. Morales, 514 U.S. 499, 509, 511-512 (1995)(The controlling inquiry is not whether the law is retroactive, but "whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes."); Henderson v. Scott, 260 F.3d 1213 (10th Cir. 2001)("When the rule does not by its own terms show a significant risk, the [prisoner challenging the retroactive application of the amendment] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule.").[3]

Finally, it is well-settled that a Kansas prison inmate has no federal constitutional right to release on parole prior to completion on his lawful sentence. Instead, as petitioner was reminded by the KCA, parole in Kansas is a matter of grace rather than entitlement. For this additional reason, petitioner is found to state no claim for relief under Section 2241.

---

[3] In Henderson, the Tenth Circuit rejected the inmate's facial challenge to Oklahoma's amended parole law, finding that:

> the altered statute (1) "does not change the length of the sentence in any way," (2) "does not affect the timing of the initial parole consideration, only of subsequent parole consideration dates," (3) "clearly reserves the [Parole] Board's discretion to reconsider parole before the three-year period has expired," and (4) that the Parole Board's policy manual "indicates that the [Parole] Board has the authority to defer reconsideration for up to five years, but that it can modify parole consideration dates if the [Parole] Board receives new information."

Id. at 1216-1217.

For all the foregoing reasons, the court finds that Mr. Johnson is entitled to no relief under Section 2241. He shall be given time to show cause why this action should not be dismissed for failure to exhaust and for failure to state a claim.

Petitioner is not entitled to appointment of counsel in a federal habeas corpus proceeding, and his motion for counsel is denied because the Petition appears to have no merit.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted based upon the amount in his inmate account,[4] and his Motion for Appointment of Counsel (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 27th day of July, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[4] The granting of this motion does not entitle petitioner to the return of the previously paid filing fee.